BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
HEATHER MARDEL JONES
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4000  Telephone
(559) 497-4099  Facsimile

Attorneys for the United States

**FILED**

SEP 0 3 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:13-CV-01305-AWI-SMS |
| Plaintiff, | **ORDER REGARDING CLERK'S ISSUANCE OF WARRANT FOR ARREST OF ARTICLES *IN REM*** |
| v. | |
| APPROXIMATELY $15,408.00 IN U.S. CURRENCY, | |
| Defendant. | |

WHEREAS, a Verified Complaint for Forfeiture *In Rem* has been filed on August 16, 2013, in the United States District Court for the Eastern District of California, alleging that the defendant approximately $15,408.00 in U.S. Currency (hereafter the "defendant currency") is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) for one or more violations of 21 U.S.C. §§ 841 *et seq.*;

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem* and the affidavit of Drug Enforcement Administration Special Agent Christopher Grimm, there is probable cause to believe that the defendant asset so described constitutes property that is subject to forfeiture for such violation(s), and that grounds for the issuance of a Warrant for Arrest of Articles *In Rem* exist, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

IT IS HEREBY ORDERED that the Clerk for the United States District Court,

1  Eastern District of California, shall issue a Warrant for Arrest of Articles *In Rem* for the

2  defendant currency.

3  Dated:  9/3/13

JENNIFER L. THURSTON
United States Magistrate Judge

Order Regarding Clerk's Issuance of Warrant
for Arrest of Articles *In Rem*

## AFFIDAVIT OF CHRISTOPHER GRIMM

I, Christopher Grimm, being first duly sworn under oath, depose and say:

1. I have been employed as a Special Agent with the Drug Enforcement Administration (DEA) since 2011, and am presently assigned to the Drug Enforcement Administration Resident Office in Bakersfield, California. I have successfully completed a twenty (20) week DEA Basic Agent Training Academy at the Drug Enforcement Administration Academy in Quantico, Virginia. This training included instruction in the investigation of Federal drug violations, including, but not limited to Title 21, United States Code Sections 841 and 846. I have discussed with numerous law enforcement officers, defendants, and informants, the methods and practices used by narcotics distributors. I have been the affiant of a previous federal and state search warrant and have testified in court about narcotics.

2. In addition, I have completed various training provided by the DEA and local law enforcement agencies, including, but not limited to training on identifying characteristics associated with the manufacture, sale, and transportation of various narcotics, including, but not limited to phencyclidine (PCP), methamphetamine, heroin, cocaine, and marijuana. This training involved the use, possession, packaging, sale, concealment, manufacturing, and transportation of various controlled substances as well as its precursors and chemicals used in the manufacturing process. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, manufacturing, and transportation of narcotics and the collection of money proceeds of narcotics trafficking. I have assisted on the execution of several federal and state narcotics search warrants that resulted in the arrest of suspects and seizure of narcotics.

3. I have participated in narcotics investigations either as a case agent or in a supporting role. I have debriefed defendants, informants, and witnesses who had personal knowledge regarding narcotics trafficking organizations. Additionally, I have participated in many aspects of drug investigations including, but not limited to, undercover operations, conducting physical and electronic surveillance, and arrests. I have conducted and been

1

Affidavit of Christopher Grimm

1   involved in numerous investigations regarding the unlawful manufacture, possession,
2   distribution, and transportation of controlled substances, as well as conspiracies associated
3   with criminal narcotics, in violation of Title 21, United States Code, §§ 841(a)(1), 841(c)(2),
4   843, and 846 and the State of California Health and Safety Code.

5      4.      I utilize all of the foregoing to formulate opinions. The facts set forth in this
6   Affidavit are known to me as a result of my investigation and interview with Agents and
7   Officers who are named in this Affidavit.

8      5.      This affidavit is made in support of a warrant for arrest of defendant
9   approximately $15,408.00 in U.S. Currency ("the defendant currency"). The defendant
10  currency constitutes money or things of value furnished or intended to be furnished in
11  exchange for a controlled substance or listed chemical, all proceeds traceable to such an
12  exchange, and all moneys, negotiable instruments, and securities used or intended to be
13  used to facilitate one or more violations of 21 U.S.C. §§ 841 *et seq.*, and is therefore subject
14  to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

15     6.      The facts set forth in this affidavit are known to me as a result of reviewing
16  official reports, documents, and other evidence obtained as a result of the investigation, and
17  through conversations with other agents and detectives who have participated in this
18  investigation and I have determined the following:

19     7.      On or about November 27, 2012, at approximately 1:00 p.m., officers from the
20  McFarland Police Department observed a green Jeep traveling northbound on Highway 99
21  just south of Sherwood Avenue. As officers drove directly behind the vehicle in the number
22  two lane, the vehicle suddenly drove to the right and entered the number one lane without
23  signaling and causing other vehicles to swerve and brake to avoid being hit. Officers
24  activated their overhead emergency lights and siren and initiated a traffic stop on the
25  vehicle. The vehicle exited the Highway 99 and yielded at the intersection of Perkins and
26  Industrial Street in McFarland, California.

27     8.      While approaching the vehicle, officers could smell a strong odor of what they
28  recognized as marijuana. Officers made contact with the driver identified as Ethan Joseph

2                          Affidavit of Christopher Grimm

1   Milhous (hereafter "Milhous") and asked him to step from the vehicle, which he complied.
2   Once out of the vehicles, officers questioned Milhous in regards to the strong odor of
3   marijuana emitting from the vehicle. Milhous stated that he and his passenger, identified
4   as Jeffery Owen Gilbert (hereafter "Gilbert"), had just "smoked a few bowls" on their way
5   home back to northern California. An officer asked Milhous from where they were coming,
6   and Milhous stated that they were coming back from Bakersfield, California in an attempt
7   to purchase a vehicle. Officers asked Milhous if there was any additional marijuana inside
8   the vehicle to which Milhous replied, "Just a little, I'm not sure how much." Officers then
9   asked Milhous where the remaining marijuana would be located to which he answered, "I
10  don't know."

11      9.      Officers then approached the vehicle and made contact with Gilbert, who was
12  sitting in the front passenger seat. Officers advised Gilbert regarding Milhous' statement
13  regarding the marijuana and asked Gilbert if he knew where the marijuana was located to
14  which Gilbert stated, "I have no idea what he is talking about." Officers then asked
15  Milhous and Gilbert if they had any illegal items on their person to which both replied,
16  "No." Officers asked both Milhous and Gilbert if they could search the vehicle to which both
17  stated, "Go ahead." Officers then conducted a search of both Milhous' and Gilbert's person
18  and located approximately $5,408.00 in U.S. Currency in Gilbert's front right pants pocket.
19  No illegal items or monies were located on Milhous. Officers asked Gilbert why he had so
20  much money on him and he replied, "I am going to purchase a car." Officers then advised
21  Gilbert that he previously told them that he and Milhous were driving home after just
22  looking at a vehicle. Gilbert looked puzzled and spontaneously stated, "Oh, yeah, that's
23  what we were doing." Officers again asked both subjects if there was any additional
24  contraband located inside of the vehicle, and again both replied, "No."

25      10.     With the assistance of a sophisticated and certified narcotic detecting
26  McFarland Police Canine, a search of the vehicle was conducted for additional contraband.
27  The narcotic detecting canine immediately and repeatedly alerted to the front driver's seat
28  of the vehicle. The canine again alerted to a silver metallic bag located under the rear

3                          Affidavit of Christopher Grimm

1 passenger's seat of the vehicle. After the canine completed his search, officers searched the
2 areas where the canine had alerted. As officers searched the vehicle, they had to take apart
3 the front driver's seat of the vehicle. Once the driver's seat was dismantled enough to
4 where officers could look inside of it, they located a white sock containing a large sum of
5 U.S. currency which totaled approximately $10,000 in various denominations and wrapped
6 in different colored rubber bands in bundles of approximately $1,000.

7     11.   Officers continued to search the areas where the canine alerted and located a
8 silver metallic bag containing marijuana. Officers advised both Milhous and Gilbert of the
9 findings because they both appeared confused. Officers asked Milhous if the money located
10 inside the driver's seat belonged to him and he stated, "No." Officers then asked Gilbert if
11 the money belonged to him and replied, "Yes, it's mine." Officers asked Gilbert why it was
12 hidden inside the driver's seat and he did not give an answer.

13     12.   Milhous and Gilbert were detained and transported to the McFarland Police
14 Department for further investigation. Once there, officers weighed the marijuana on a
15 digital scale which gave a weight of 16 grams, including packaging. The silver metallic bag
16 which contained the marijuana had a Medical Cannabis sticker affixed to the bag which
17 stated that the marijuana was in compliance with California Health & Safety Code 11362.5.
18 Officers asked Milhous and Gilbert if they had a medical marijuana card, and both replied,
19 "No." As officers spoke with Milhous and Gilbert, Milhous spontaneously stated, "The
20 marijuana is mine and the money is his." Officers issued Milhous a citation for a driver in
21 possession of marijuana and released him without further incident. Officers then spoke
22 with Gilbert in regards to the money found on his person and the money hidden in the
23 driver's seat. Officers asked Gilbert if he had a job to which he stated that he did not.
24 When he was asked what he did for a living, Gilbert said that he did "different things".
25 Officers then asked Gilbert to give a statement of his monthly expenses and Gilbert stated
26 that he pays $450 for rent, $100 for utilities, $100 for food, and $100 for entertainment
27 estimating about $850 in monthly expenses. When asked how he could afford to pay for
28 these expenses, Gilbert replied, "I don't know man."

    Affidavit of Christopher Grimm

1    13.    Milhous has a prior criminal history.  In 2010, Milhous was charged with
2  driving while under the influence and with a suspended license in violation of California
3  Vehicle Code § 14601.5, and three months following that charge, was charged with
4  cultivation and sales of marijuana in violation of California Health & Safety Code §§
5  11360(A), 11358, and California Penal Code § 182(A)(1).  Similarly, Gilbert also has a
6  criminal history commencing with a driving under the influence charge in 2005 in violation
7  of California Vehicle Code § 23152(A) and (B), another charge for driving under the
8  influence on a suspended license in 2006 in violation of California Vehicle Code §§
9  14601.5(A) and 23152(B), a failure to appear in 2006 in violation of California Penal Code §
10  1320(A), possession of marijuana in 2006 in violation of California Vehicle Code § 23222(B).
11  In 2007, Gilbert was again charged with violation of California Vehicle Code §§ 23152(B)
12  and14601 – driving while under the influence and driving on a suspended license.  In 2012,
13  Gilbert was again charged with driving under the influence on a suspended license, in
14  violation of California Vehicle Code §§ 23152(A) and (B), and 14601.2(A).

15    14.    According to the Employment Development Department, Gilbert was last
16  employed with Wal-Mart.  Milhous is reported as working for Tecta America Sacramento.

17    15.    On March 27, 2013, Jeffery Owen Gilbert filed a claim to the defendant
18  currency alleging that the defendant currency was unlawfully seized.  The claim does not
19  provide any explanation as to his ownership interest in the defendant currency.

20    16.    Based on the above, I believe there is probable cause to indicate that the
21  defendant currency constitutes money or a thing of value furnished or intended to be
22  furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to
23  such an exchange, and all moneys, negotiable instruments, and securities used or intended
24  ///
25  ///
26  ///
27  ///
28  ///

5

Affidavit of Christopher Grimm

1  to be used to facilitate one or more violations of 21 U.S.C. §§ 841 *et seq.*, is therefore subject

2  to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), and that a Warrant for

3  Arrest of Articles *In Rem*, pursuant to the Supplemental Rules for Admiralty or Maritime

4  Claims and Asset Forfeiture Actions Rule G(3)(b)(i), be issued for the defendant currency.

5

6  CHRISTOPHER GRIMM
   Special Agent
7  Drug Enforcement Administration

8  Sworn to and Subscribed before me
9  this 3ʳᵈ day of September 2013.

10

11  Honorable Jennifer L. Thurston
12  United States Magistrate Judge

13

14  Reviewed and approved as to form

15

16  Jeffrey A. Spivak
17  Heather Mardel Jones
    Assistant U.S. Attorneys

18

19

20

21

22

23

24

25

26

27

28

Affidavit of Christopher Grimm