1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13
14
15
16
17

| | |
|---|---|
| | **Case No.  1:13-CV-01305-AWI-SMS** |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT** |
| v. | |
| APPROXIMATELY $15,408.00 IN U.S. CURRENCY, | |
| Defendant. | |
| | (Doc. 13) |

18
19
20
21
22
23
24
25

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks (1) default judgment against the interests of Jeffrey Owen Gilbert, Ethan Joseph Milhous, and Mitch M. Milhous, and (2) entry of a final forfeiture judgment to vest in the Government all right, title, and interest in the defendant currency.  The Government's motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 302(c)(19) and is considered in accordance with Local Rule A-540(d).

26
27
28

The undersigned has reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h).  Having considered all written

materials submitted, the undersigned recommends that the District Court grant the Government default judgment, enter final forfeiture judgment to vest in the Government all right, title, and interest in the defendant currency, and order the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## I.    **Factual Background**[1]

On the afternoon of November 27, 2012, McFarland police officers saw a green Jeep travelling north in the number two lane of Highway 99 just south of Sherwood Avenue.  When officers positioned their squad car behind the Jeep, its driver shifted right into the number one lane without signaling, causing other vehicles to brake and swerve to avoid an accident. Activating their overhead lights, officers initiated a traffic stop.  The driver left Highway 99 and yielded at the corner of Perkins and Industrial Street in McFarland, California.

When officers approached the Jeep, they smelled marijuana.  When questioned, the driver, Ethan Joseph Milhous, stated that he and the passenger, Jeffrey Owen Gilbert, had "smoked a few bowls" while driving home to northern California from Bakersfield, where they had gone to purchase a vehicle.  Following further questioning, Milhous told officers that a small amount of marijuana remained in the car and that he did not know the marijuana's location in the car.

When officers asked Gilbert the location of the additional marijuana, he claimed to have no idea of what Milhous was talking about.  Both Milhous and Gilbert denied having any illegal items on their person and gave the officers permission to search the car.  Officers searched both individuals and found $5408.00 in U.S. currency in Gilbert's right front pants pocket.  Gilbert explained, "I am going to purchase a car."  When the officers observed that he had previously told

///

---

[1] These facts are derived from the Government's application and the Court's records.

them that he and Milhous had just looked at a vehicle, Gilbert replied, "Oh, yeah, that's what we were doing." Both Milhous and Gilbert denied any other contraband was in the car.

Offices searched the car using a narcotic detecting dog, who alerted to the driver's seat and to a silver metallic bag under the rear passenger seat. The silver metallic bag, which bore a medical marijuana sticker, contained marijuana. When officers dismantled the driver's seat, they found a white sock containing approximately $10,000.00 in various denominations of currency, gathered in bundles of approximately $1000.00 each with different-colored bands. Milhous denied owning the currency found in the driver's seat; Gilbert claimed that the currency was his, but did not explain why it was hidden in a sock within the driver's seat. Neither Milhous nor Gilbert had a medical marijuana card. Both men were taken to the police station for further investigation.

Milhous declared that the marijuana was his and the cash belonged to Gilbert. Officers gave Milhous a citation for driver in possession of marijuana and released him with no further incident.

Milhous has a prior criminal history. In 2010, Milhous was charged with driving under the influence and with a suspended license in violation of California Vehicle Code § 14601.5. Three months later, Milhous was charged with cultivation and sale of marijuana in violation of California Health and Safety Code §§ 11369(A) and 11358, and California Penal Code § 182(A)(1).

When officers questioned Gilbert about the cash, he admitted that he was unemployed. Asked what he did for a living, Gilbert said that he did "different things." He reported monthly expenses totaling $850.00, including $450.00, rent; $100.00, utilities; $100.00, food; and $100.00, entertainment. When officers asked how Gilbert could afford to pay these expenses, he replied, "I don't know, man."

3

Gilbert also has a criminal record.  In 2005, he was charged with driving under the influence in violation of California Vehicle Code § 23152(A) and (b).  In 2006, he was charged with driving under the influence on a suspended license in violation of California Vehicle Code §§ 14601.5(A) and 23152(B); failure to appear in violation of California Penal Code § 1320(A); and possession of marijuana in violation of California Vehicle Code § 23222(B).  In 2007, Gilbert was again charged with driving under the influence on a suspended license in violation of California Vehicle Code §§ 14601 and 23152(B).  In 2012, Gilbert was charged with driving under the influence on a suspended license in violation of California Vehicle Code §§ 14601.2(A) and 23152 (A) and (B).

According to the Employment Development Department, Gilbert was last employed at Wal-Mart.  Milhous worked at Tecta America Sacramento.

## II.    Procedural History

On March 27, 2013, Gilbert filed a claim to the defendant currency, alleging that officers seized it unlawfully.

On August 16, 2013, the Government filed a verified complaint for forfeiture *in rem* against $15,408.00 in U.S. currency.  It alleged that, pursuant to 21 U.S.C. § 881(a)(6), the currency constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*

On September 3, 2013, based on the allegations of the amended complaint, the Clerk of Court issued a warrant for arrest of articles *in rem*.  The warrant was executed on September 6, 2013.

According to the Government's Declaration of Publication, a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days

4

beginning on August 22, 2013.  The Government also sent notice by certified mail to Ethan Milhous, Gilbert, Mitch Milhous, and Mark S. Axup, an attorney who had filed a claim in the administrative forfeiture action on behalf of Gilbert.  The Government received return receipts from Ethan Milhous, Mitch Milhous, and Axup; the notice to Gilbert was returned unclaimed. None of the three potential claimants filed an answer or otherwise appeared in this in this action.

As part of the Government's requests for entry of default, the United States Attorney declared under penalty of perjury that on information and belief neither Ethan Milhous, Gilbert, nor Mitch Milhous was in the military service or was an infant or incapacitated person.  On October 21, 2013, the Clerk entered default against Ethan Joseph Milhous and Mitch M. Milhous. On October 31, 2013, the Clerk entered default against Jeffrey Owen Gilbert.  The Government moved for default judgment on November 13, 2013.

**III.    Discussion**

**A.    Sufficiency of the Complaint**

The Government contends that the allegations set forth in the verified complaint for forfeiture in rem and the cited facts provide ample grounds for forfeiture of the defendant currency.  A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Money or other things of value are subject to forfeiture if (1) are furnished or intended to be furnished by any person in exchange for a controlled substance, (2) constitute proceeds traceable to such an exchange, or (3) are used or intended to be used to facilitate any violation of the laws governing controlled substances.  21 U.S.C. § 881(a)(6).

The Government's verified complaint alleges that the defendant currency is subject to forfeiture since it constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance, in which all proceeds were traceable to such an exchange, and/or were

used or intended to be used to facilitate the violation of one or more laws governing controlled substances. As set forth above and in the verified complaint, McFarland police officers seized the defendant currency in the course of a traffic stop on November 27, 2012, in which a search of the vehicle in which Ethan Milhous and Gilbert were traveling revealed 16 grams of marijuana, and the defendant currency, some of which was discovered in Gilbert's pocket and some of which was discovered hidden in a sock concealed within the driver's seat of the vehicle. The currency concealed within the sock was organized by denomination and banded with different colored rubber bands in the manner frequently employed by drug traffickers. *See, e.g., United States v. $242,484.00*, 389 F.3d 1149, 1161-62 (11th Cir. 2004).

The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue; describes the property seized and the circumstances of its seizure; and identifies the relevant statutes. In the absence of assertion of interests in the defendant currency, this Court is not in a position to question the facts supporting its forfeiture. As alleged, the facts set forth a sufficient connection between the defendant currency and illegal drug activity to support forfeiture.

The Government need not show a relationship between the proceeds of a drug crime and a specific drug transaction: Circumstantial evidence may support the forfeiture of the proceeds of a drug crime. *See United States v. $30,670.00*, 403 F.3d 448, 467-70 (7th Cir. 2005) (concluding that totality of circumstances demonstrated that airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); *$242,484.00*, 389 F.3d at 1160 (applying totality of circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction).

///

6

### B.      Notice Requirements

The Fifth Amendment's Due Process Clause prohibits the Government from taking property without due process of law.  Individuals whose property interests are at stake are entitled to notice and an opportunity to be heard.  The requisite notice was provided to all three potential claimants in this case.

#### 1.      Notice by Publication

Supplemental Rule G(4) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official government forfeiture site for at least 30 consecutive days."  Local Admiralty and In Rem Rules further provide that the Court shall designate by order the appropriate vehicle for publication.  Local Rules 530 and 171.  Rule 171 provides that the Court must "designate by order the appropriate newspaper or other vehicle for publication."  On September 9, 2013, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days.  Doc. 5.  According to the Government's Declaration of Publication (Doc. 7), a notice of civil forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on August 22, 2010.  Accordingly, the Government satisfied the requirements of notice to the potential claimants by publication.

#### 2.      Personal Notice

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated by publication."  *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998).  In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action.  *Dusenbery v. United States*, 534 U.S. 161, 168 (2002)(*quotations omitted*).  *See also Mullane v. Central Hanover Bank*

*& Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it").  "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice."  *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant.  Local Rule A-540 also requires that a party seeking default action in rem demonstrate to the Court's satisfaction that due notice of the arrest of the property has been given both by publication and by personal service of the person having custody of the property, or if the property is in the hands of a law enforcement officer, by personal service on the person who had custody of the property before its possession by a law enforcement agency or officer.  Notice must also be provided by personal service or certified mail, return receipt requested, on every person who has appeared in the action and is known to have an interest in the property, provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to provide notice without success.  Loc. R. A-540(a).  Notwithstanding the Supplemental Rules and Loc. R. A-540(a), the Government provides sufficient notice when the notice complies with the requirements of F.R.Civ.P. 4.  *See* F.R.Civ.P. 4(n)(1) (providing that when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government served Ethan Milhous, Mitch Milhous, and Gilbert's attorney with the complaint, arrest warrant, publication order, and other related documents by certified mail, return receipt requested.  Accordingly, all potential claimants were personally served.

///

8

**C.   Failure to File Claim or Answer**

Supplemental Rule G(5) requires any person who asserts an interest in or right against the defendant currency to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice.  Supp. R. G(4)(b) & (5).  Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to a forfeiture action.  *Real Property*, 135 F.3d at 1317.  The Clerk of Court properly entered default against Ethan Joseph Milhous and Mitch M. Milhous on October 21, 2013, and against Jeffrey Owen Gilbert on October 31, 2013.  Docs. 9, 10, and 12.

**D.   Default Judgment**

The Government seeks judgment against the interests of Ethan Milhous, Mitch Milhous, and Jeffrey Gilbert, and final forfeiture judgment to vest in the Government all right, title, and interest in the defendant currency.  The Supplemental Rules do not set forth a procedure to seek default judgment in rem.  Supplemental Rule A provides, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default."  F.R.Civ.P. 55(a).  Generally, the default entered by the clerk establishes a defendant's liability.

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of default judgment.  The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.
>
> *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*internal citations and quotation marks omitted*).

9

As noted above, the Government properly obtained default entries against the interests of Ethan Milhous, Mitch Milhous, and Jeffrey Gilbert.  There is no impediment to the default judgment sought by the Government against them.  The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title, and interest in the defendant currency.  "A judgment in rem affects the interests of all persons in the designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interest of particular persons."  *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958).  Because of the defaults of Ethan Milhous, Mitch Milhous, and Jeffrey Gilbert, the Government is entitled to final forfeiture judgment.

**RECOMMENDATIONS**

In light of the reasons discussed above, the undersigned recommends that

1.      The District Court grant Plaintiff United States of America default judgment against the interests of Ethan Milhous, Mitch Milhous, and Jeffrey Gilbert;

2.      The Clerk of Court enter final forfeiture judgment to vest in Plaintiff United States of America all right, title, and interest in the defendant currency;

3.      The District Court order Plaintiff United States of America, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed judgment of default and final forfeiture consistent with the findings and recommendations and with the order adopting them.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written

10

objections with the court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  <u>12/11/2013</u>                    /s/ SANDRA M. SNYDER
                                   UNITED STATES MAGISTRATE JUDGE